## S04Y1827. IN THE MATTER OF THOMAS MARVIN ALFORD.
### (602 SE2d 640)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of the special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Respondent Thomas Marvin Alford violated Rule 1.3 of the Georgia Rules of Professional Conduct as set out in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment.

Despite being personally served with the Formal Complaint, Alford, who has been a member of the Bar since 1994, failed to respond and therefore the following facts have been properly deemed admitted pursuant to Bar Rule 4-212 (a): in 2002 Alford twice failed to appear for scheduled calendar calls before the same judge and failed to give prior notice that he would not appear; after the first failure, the judge's staff contacted Alford to determine the reason for his absence; Alford told the judge that his failure to appear was the result of "his severe alcohol dependency"; after the second failure to appear, the judge's staff was unable to locate Alford; thereafter, in October 2002, the Investigative Panel of the State Disciplinary Board initiated a grievance against Alford; and although Alford was served with the Notice of Investigation in this case, he failed to respond.

Considering these facts, we find that Alford violated Rule 1.3 of the Rules of Professional Conduct as set out in Bar Rule 4-102 (d). Though we note no aggravating or mitigating circumstances, we find that Alford violated duties he owed to clients; that he acted with knowledge when he engaged in conduct which violated Rule 1.3; and that his clients suffered injury or potential injury. Therefore, we find that as appropriate discipline for his violation of Rule 1.3, Alford should be and hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

Because I cannot agree with the decision to disbar Alford under the circumstances of this case, I must respectfully dissent.

While the majority opinion is correct that the conduct deemed admitted here falls within a category of misbehavior for which disbarment is the maximum sanction, this case is not one warranting the maximum sanction. The special master opined that disbarment is proper for a pattern of behavior, but what we have here are two

instances of behavior, which does not amount to a pattern. In addition, although the majority opinion recites that Alford was personally served with the Formal Complaint, the return of service in the record notes only that service was accomplished and does not indicate whether that service was personal service, service by leaving a copy of the pleading with a person authorized to receive service, or even service by tacking. The relevance of this questionable service is that Alford is being disbarred based on an admission of allegations in a pleading we cannot be certain he ever received. For a sanction as final as disbarment, we should be more certain of the circumstances than we can be in this case.

In addition, nowhere in this process does it appear that any effort has been made to address what appears from Alford's admission to the trial court that his failure to appear was a result of his problem with alcohol. This Court and the State Bar have established programs for assisting attorneys with substance abuse problems, but no effort appears to have been made in this case to address Alford's substance abuse problem. Instead, a purely punitive procedure has been undertaken, with predictable results.

Rather than imposing what amounts to a professional death penalty by default, a more appropriate response here would be to suspend Alford indefinitely with conditions upon his return to the active practice of law, conditions aimed at addressing the substance abuse problem which appears to have brought about his disciplinary problems. Disbarment permits no meaningful opportunity at professional redemption. For a lawyer who has no history of disciplinary infractions, disbarment for two incidents which appear to have caused no actual harm to clients is too severe. I must, therefore, dissent to the decision imposing that draconian sanction.

DECIDED SEPTEMBER 13, 2004.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.